NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOÃNIA RIBEIRO DE SOUSA (Next Friend), on behalf of BRUNO MUNIZ BRITO,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN TSAKOURIS, *et al.*,<br><br>    Respondents. | Civil Action No. 26cv4060 (SDW)<br><br>OPINION |

WIGENTON, District Judge.

This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by Noãnia Ribeiro de Sousa as a "next friend" for Petitioner Bruno Muniz Brito, an immigration detainee confined in the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"),  ("Petition" ¶ 11, ECF No. 1), and a motion for temporary restraining order ("TRO Motion" ECF No. 3.)  Petitioner did not pay the $5 filing fee required by 28 U.S.C. § 1914(b) or alternatively file an application to proceed in forma pauperis under 28 U.S.C. § 1915.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court must screen the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the reasons set forth below, the Court will dismiss the TRO motion as moot and administratively terminate this matter subject to reopening upon payment of the filing fee or the filing of an application to proceed *in forma pauperis* under 28 U.S.C. § 1915, and the filing of a counseled amended petition by Petitioner's next friend or by Petitioner *pro se*.

## I.   BACKGROUND

On April 17, 2026, Ribeiro de Sousa, Petitioner's long-time domestic partner, submitted the Petition because Petitioner has limited access to legal resources and communication restrictions at Delaney Hall and language barriers.  (Pet. ¶¶ 1-2.)  Ribeiro de Sousa also submitted a motion for a temporary restraining order to prohibit Respondents from transferring Petitioner outside the District of New Jersey or removing him from the United States pending resolution of his habeas petition.  ("TRO Motion", ECF No. 3.)  The Petition alleges the following facts.  Petitioner, a citizen of Brazil, lawfully entered the United States with a tourist visa on February 18, 2019, overstayed his visa and remained in the United States, settling in Elizabeth, New Jersey and obtaining employment.  (Pet. ¶¶ 9-10.)  Petitioner does not have a criminal record, and he has filed income tax returns, and has strong ties to his community, including a step-daughter who attends Elizabeth High School. (*Id.* ¶¶ 10, 15.)  On April 13, 2026, Petitioner was detained by immigration authorities on his way home from work and taken into custody without any showing that he posed a flight risk or danger to the public.  (*Id.* ¶ 12.)  Petitioner is detained at Delaney Hall Detention Facility in Newark, New Jersey without have been advised of the statutory basis for his confinement.  (*Id.* ¶ 13.)  The Petition presents the following legal arguments:  (1) Petitioner is not legally detained under 8 U.S.C. § 1225(b)(2) because he was not apprehended at or near the border in the process of seeking entry; (2) Petitioner's arrest violates the Fourth Amendment; (3) Petitioner's detention violates his liberty interest under the Fifth Amendment Due Process Clause; (4) Petitioner's continued detention without a bond hearing violates his Fifth Amendment right to procedural due process; (5) Petitioner's detention is discretionary under 8 U.S.C. § 1226(a) but he has not been provided with a bond hearing to determine whether he poses a flight risk or danger to the community.  (Pet. §§ D-G.)

## II.   JURISDICTION

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3) to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

## III.   DISCUSSION

There are procedural rules governing a petition for writ of habeas corpus. Habeas Rule 2(c)(5) requires the petition to be signed under penalty of perjury by a person authorized to sign it under 28 U.S.C. § 2242, which, in turn, requires that a petition "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." "[N]ext friend" standing . . . has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  "Most frequently 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

There are two requirements for next friend status.  "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified).  "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation modified). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).  Ribeiro de Sousa meets these next friend requirements, however, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641,

at *2  (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n. 2 (3d Cir. 2020) (per curiam)).  Therefore, the Court will administratively terminate this matter, subject to reopening if Ribeira de Sousa obtains counsel or if Petitioner files a *pro se* amended habeas petition.  *See e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for Petitioner to cure defects in next friend application).  The Court has entered an Order enjoining Petitioner's transfer during the pendency of this Petition.  Therefore, the TRO motion will be dismissed as moot.

## IV.     CONCLUSION

For the reasons discussed above, the Court will administratively this matter, subject to reopening within 30 days if Ribeira de Sousa obtains counsel or Petitioner files an amended petition *pro se* and either pays the $5 filing fee or submits an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.

An appropriate order follows.

Dated: April 20, 2026

_____
Hon. Susan D. Wigenton
United States District Judge

4